UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 06-101 (GK) |
| | ) | |
| NESTOR DARIO CASTRO | ) | |
| a/k/a "Alberto" | ) | |
| | ) | |

**GOVERNMENT'S MOTION UNDER THE SPEEDY TRIAL ACT TO EXCLUDE TIME DUE TO CODEFENDANT'S PENDING EXTRADITION AND CONTINUANCE BASED ON COMPLEXITY OF CASE**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby moves the Court under 18 U.S.C. §§ 3161(h)(7), 3161(h)(8)(A), and 3161(h)(8)(B)(i) and (ii), of the Speedy Trial Act, to exclude time due to a codefendant's pending extradition from Panama, and based on the complexity of this international narcotics-for-weapons conspiracy case. In support thereof, the government states the following:

## FACTS

The defendant Nestor Dario Castro, a/k/a "Alberto" (hereinafter "Castro"), was arrested in Panama on April 5, 2006, along with co-defendants Harol Rodrigo Suarez-Garcia, a/k/a "Jose Luis Herrera", a/k/a "Chico", a/k/a "Dominick" (hereinafter "Suarez"), and Carlos Ernesto Barreto-Sierra, a/k/a "Santiago" (hereinafter "Sierra"), based on a provisional arrest warrant for extradition to the United States. On November 25, 2006, Sierra escaped from Panamanian custody. He remains at large, along with the other two codefendants. On October 5, 2007, Castro was extradited to the United States. The government expects codefendant Suarez to be

1

extradited in the near future.

Much of this investigation occurred outside of the United States and was conducted by Special Agents of the DEA and their foreign counterparts in Honduras, Nicaragua, Panama, and Colombia. The evidence reveals that the conspirators sought to trade cocaine and heroin for military-grade weapons and cash. The weapons were to be provided to the United Self-Defense Forces of Colombia (AUC), a State Department-designated "Foreign Terrorist Organization". This conspiracy case is unusual or complex in that virtually all of the evidence is in Spanish, and most of it was developed overseas. The case involves consensually recorded phone calls in Spanish, emails in Spanish, and lengthy video and/or audio-recorded meetings in Spanish in four different countries – Honduras, Nicaragua, Panama and Colombia -- utilizing body-wires, hidden cameras, and hidden microphones set up with the approval, or under the direction, of foreign law enforcement officers, some of whom operated undercover.

## ARGUMENT

Under the Speedy Trial Act, 18 U.S.C. §3161 et seq., the defendant's trial must commence within seventy days of his initial appearance. 18 U.S.C. §3161(c)(1). The Speedy Trial Act, however, excludes certain periods of time from the seventy day computation. First, section 3161(h)(1)(7) excludes "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." That provision applies to this case, in that co-defendant Suarez has not yet been extradited, though his extradition is expected fairly soon.

Second, the Court may toll the seventy day period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of

the public and the defendant in a speedy trial." §3161(h)(8)(A). One factor that the Court should consider is "whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." §3161(h)(8)(B)(i). In determining whether to grant a continuance, a second factor the Court must consider is "whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limit. §3161(h)(8)(B)(ii).

The government respectfully moves the Court to grant another continuance because this case is a "complex" case. The failure to grant a continuance in this case would result in a miscarriage of justice due to its complexity and significance. The case involves a conspiracy to trade narcotics for weapons and cash. The weapons to be purchased with the drugs were to be provided to the United Self-Defense Forces of Colombia (AUC), a State Department-designated "Foreign Terrorist Organization".

Many of the witnesses who will testify for the government at trial are citizens of Honduras, Nicaragua, Panama and Colombia. Because the case involves the extraterritorial application of United States law and the prosecution of drug traffickers affiliated with a Foreign Terrorist Organization, it may present novel questions of fact or law. Accordingly, the government respectfully submits that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act. See United States v. Kamer, 781 F.2d 1380 (9th Cir. 1986) (holding an ends of justice continuance for additional trial preparation was supported by a complex case that had numerous

overseas documents, most of which in the Dutch language, and many foreign witnesses); United States v. Brooks, et al., 697 F.2d 517 (3d Cir. 1982) (affirming district court's grant of continuance for a complex case that alleged a drug manufacturing and distributing conspiracy involving nine people, with four counts of substantive drug offenses involving various members of conspiracy, where not all defendants had secured counsel, and where discovery had not been completed at time continuance was granted); United States v. Strong, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

In computing the time within which the trial must commence, the government respectfully requests that the Court order that the period of time from the filing of this motion to six months therefrom be excluded pursuant to the legal bases discussed in this motion.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to grant this motion.

Respectfully submitted,

_____
James A. Faulkner
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
(202) 616-8648

CERTIFICATE OF SERVICE

    I hereby certify that a copy of this pleading and proposed order were delivered to the parties via ECF on this date, October 18, 2007.

                                                                       _____
                                                                         James A. Faulkner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.           ) | Crim. No. 06-101 (GK) |
| ) | |
| NESTOR DARIO CASTRO ) | |
| a/k/a "Alberto"    ) | |
| ) | |

## ORDER

Upon consideration of the "Government's Motion Under The Speedy Trial Act To Exclude Time Due Codefendant's Pending Extradition and Continuance Based On Complexity of Case", and Defendant's response thereto, the Court hereby **ORDERS** that the government's motion is **GRANTED**.

1. The Court **FINDS**, pursuant to 18 U.S.C. §3161(h)(7), that a reasonable period of delay between defendant Nestor Dario Castro's initial appearance and the pending extradition of codefendant Harol Rodrigo Suarez-Garcia to the U.S. will be excluded under the Speedy Trial Act as to defendant Castro.

2. The Court **FINDS**, pursuant to 18 U.S.C. §3161(h)(8)(A), and 18 U.S.C. 3161(h)(8)(B)(i) and (ii), that the ends of justice served by granting the government's motion outweigh the best interest of the public and the defendant in a speedy trial. The reason for this finding is the Court's determination that this case is a complex case:

   a. As described by the government, this is an international narcotics conspiracy to trade narcotics for cash and weapons that would be provided to a State Department-designated Foreign Terrorist Organization, involving witnesses from, and evidence developed in, four foreign countries. Furthermore, the case involves the extraterritorial application of United States

law. Much of this investigation occurred outside the United States and was conducted by Special Agents of the DEA and their foreign counterparts in Honduras, Nicaragua, Panama, and Colombia.

      b. Many of the witnesses who will testify for the government at trial are citizens of these countries.

      c. Because the case involves the extraterritorial application of United States law and the prosecution of individuals allegedly conspiring to trade narcotics for cash and weapons to be provided to a Foreign Terrorist Organization, it may present novel questions of fact or law.

Accordingly, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act.

3. In computing the time within which the trial must commence, the period of time from the filing of the government's motion to six months therefrom shall be excluded pursuant to 18 U.S.C. §3161(h)(1)(7), 18 U.S.C. §3161(h)(8)(A), and 18 U.S.C. §3161(h)(8)(B)(i) and (ii).

DATE: _____

                                                                     _____
                                                                     GLADYS KESSLER
                                                                     JUDGE
                                                                     UNITED STATES DISTRICT COURT