# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|

**UNITED STATES OF AMERICA** |

| **Crim. Case No.:  06-101  (GK)**

**v.** |

|

**NESTOR DARIO CASTRO, et al.** |

|

## DEFENDANT'S OPPOSITION TO GOVERNMENT MOTION TO SUSPEND COMPUTATION OF TIME

**COMES NOW** Defendant Nestor Dario Castro (hereinafter referred to as "Mr. Castro"), through undersigned counsel, and submits this opposition to the government's motion to exclude time under the Speedy Trial Act and declare the case complex.  *See* ECF Doc. 11.

### Concise Argument – LCrR 47(a)

Mr. Castro opposes the government request to declare the case complex and toll the Speedy Trial Act clock for six months.  The defendant has already been incarcerated since April of 2006 in The Republic of Panama.  Such a lengthy period of time is unwarranted in light of the insufficient information provided in the government's motion.

### Background & Timeline

Mr. Castro is charged by indictment with one count of violating 21 U.S.C. §963, 959 and 960; specifically, conspiracy to distribute five kilograms or more of cocaine with knowledge of importation into the United States.  The indictment was returned in April of 2006.  As of the date of this pleading, Mr. Castro is held without bond pending trial at the Central Treatment Facility of the District of Columbia's Department of Corrections under contract with the Corrections Corporation of America.

Mr. Castro objects to the tolling of the Speedy Trial clock and declaration of complex case based upon the time period already elapsed wherein the government should have prepared the case for trial, and prepared all material relevant to discovery as we are 19-months beyond the date of indictment. The government cannot shield its discovery obligations and responsibility to prosecute a speedy trial by proclaiming a complex case.

### Nature & Complexity of Case

The government's motion lists the following factors in support of their request to declare the case complex:

1.    "…case involves a conspiracy to trade narcotics for weapons and cash";
2.    "…a State Department-designated "Foreign Terrorist Organization";
3.    government witness are foreign citizens; and,
4.    "novel questions of fact or law."

Government Motion, p.3. What is absent is why the government's side of this process was not accomplished in the 19-months prior.

### The Defense Bar & Extradition Cases

The federal districts of Washington, D.C., the Eastern and Southern Districts of New York, and the Southern District of Florida have had a great deal of experience with extradition cases such as Mr. Castro's. The experience has resulted in a familiarity with Central/South American law enforcement procedures, and the disclosure of evidence by prosecutors here in the United States.

One aspect of the defense bar's experience is the impact of such cases on the speedy trial rights of an accused. Admittedly, the government motion appropriately touches on established legal principles of case complexity and speedy trial. Yet, as in other similar cases, the defense must wait, and more importantly, the defendant must sit incarcerated in a foreign land, subject to a foreign justice system, and without visits from family to sustain their person.

Certainly, the Court will inquire as to whether it is in the best interest of the client to oppose a "complex-case declaration," but the Court must understand that a foreign citizen has been detained in a foreign country and then flown into the United States to stand trial. This individual's first exposure to this country's criminal justice system is that his right to a speedy trial will be delayed, and that evidence in his case is not ready. The defense, in the future, may not oppose such a request once evidence is presented and discovery released that, upon client consultation, would lead to a conclusion that additional trial preparation time is necessary or appropriate motions filed. However, the defense does not have this information at this time and, therefore, must oppose the government's request of six months.

### Legal Authority

The defense does not dispute the legal authority behind the government motion. Yet, the government authority begs two questions: 1) what is a reasonable time to toll the speedy trial clock; and, 2) what evidence does the Court have that the discovery is complex? There is a need to establish limits on such requests. In *United States v. Gambino,* the Second Circuit noted:

> The length of an exclusion for complexity must be not only limited in time, but also reasonably related to the actual needs of the case. *See United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1198 (2d Cir.) ("indefinite delay" not tolerated), cert. denied, 493 U.S. 933, 110 S.Ct. 324, 107 L.Ed.2d 314 (1989); *United States v. LoFranco*, 818 F.2d 276, 277 (2d Cir.1987) (*per curiam*); *accord United States v. Clymer*, 25 F.3d 824, 828 (9th Cir.1994) (continuance under § 3161(h)(8)(A) may not be open-ended).

59 F.3d 353, 358 (2nd Cir. 1995).

Already the government is asking to exclude time while the remaining codefendants charged in the indictment arrive from Panama or elsewhere. The government estimates that these defendants will arrive in "the near future." ECF Doc. 11, pp.2-3. Will the "near future" prove sufficient in light of discovery issues discussed in the government motion?

### What The Government Motion Fails To Identify

The Court is not provided with details of when the discovery, the essence of the complex case request, will be completed.  The government must provide the Court, and a detained Mr. Castro, greater detail as to what is being done to collect this information.  *See United States v. Serna,* 630 F.Supp. 779 (S.D.N.Y. 1986).  The *Serna* case detailed extensive government efforts to gather discovery; a sharp contrast to Mr. Castro's case.[1]  Greater detail, such as the status of requests and anticipated production of discovery, is necessary given Mr. Castro's continued detention.

**WHEREFORE**, Mr. Castro opposes the request for exclusion from the speedy trial clock calculation, and opposes a complex-case declaration.

---

[1]  The following excerpt from the *Serna* opinion details the efforts made to secure discovery and thereby support a request for tolling of the Speedy Trial clock:

> The AUSA's affidavit reflects a continuing effort to obtain the relevant wiretap evidence which has been thwarted by bureaucratic "red tape." On July 19, 1985 the AUSA made a "Request for Judicial Assistance" (the "Request") to Spain, in the form of a request from the United States Judiciary to the Judiciary of Spain. The request was forwarded to the Office of International Affairs, translated, and sent to the Department of State, which forwarded it to the United States Embassy in Spain for submission to the Spanish authorities on August 22, 1985.
> According to a telex from a Drug Enforcement Administration attache in Spain, annexed to the Kaplan affidavit, the Request was submitted to the Spanish Ministry of Justice on August 30, 1985 and was then transmitted to the Foreign Affairs Office. Since August the government has made repeated inquiries through the United States Embassy in Spain as to the status of the Request, the most recent occurring on January 23, 1986. In addition, the government has been informed by Roger Yochelson, an attorney with the Department of Justice Office of International Affairs, that the Spanish Authorities had given informal advice that the Request had been granted and the wiretap evidence would be promptly sent to the United States. Indeed, some as yet unexamined material was received from the Spanish authorities as this opinion was being prepared.
> In summary, the government has pursued this Spanish evidence through every available channel and appears to have received assurances that it is on the verge of obtaining recorded conversations. Under these circumstances the government is entitled to its continued Speedy Trial Act exclusion for a time period not to exceed the one-year statutory limitation.

*Serna,* 630 F.Supp. 779, 783-784 (S.D.N.Y. 1986).  Normally, requests for evidence and assistance from Colombia is made through a Vienna Convention Mutual Legal Assistance Request (VCMLAR).  The government motion does not indicate whether such a VCMLAR request has been made.

Respectfully submitted,

**RETURETA & WASSEM, PLLC**

By:    _____/s/_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
601 Pennsylvania Avenue NW
South Building ~ Suite 900
Washington, DC   20004
mjr.rw@verizon.net
(202) 220-3073
Counsel for Nestor Dario Castro

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true copy of the foregoing motion was served, per agreement of counsel, upon all parties via ECF filing on this 27th day of November 2007.

_____/s/_____
Manuel J. Retureta, Esq.