UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal Case No. 06-101 (GK) |
| NESTOR DARIO CASTRO, | : |
| Defendant. | : |

## MEMORANDUM ORDER

The Government has moved to toll the Speedy Trial Act. Upon consideration of the Government's Motion, the Defendant's Opposition, and the entire record herein, the Court concludes, for the following reasons, that the Motion should be **granted**.

The Defendant was arrested in Panama on April 5, 2006, along with two co-defendants. On November 25, 2006, one of those co-defendants escaped from Panamanian custody and remains at large, along with two other co-defendants. The Government represents that it expects one of the co-defendants, Suarez, to be extradited in the near future.

The Government argues that the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, should be tolled under § 3161(h)(1)(7) and § 3161(h)(8)(A). The Government relies on the fact that Suarez has not yet been extradited, although that is expected to be accomplished in the near future. The Government also argues that the case is "complex." It involves a conspiracy to trade narcotics for weapons and cash. Moreover, the weapons to be purchased were, according to the Government, to be provided to a State Department-designated "Foreign Terrorist Organization" called the United Self-Defense Forces of Columbia (AUC). In addition, many of the witnesses testifying for the Government are citizens of Honduras, Nicaragua, Panama, and Columbia. The case will also

involve the extraterritorial application of United States law and the prosecution of drug traffickers affiliated with a Foreign Terrorist Organization. For these reasons, novel and complicated questions of fact or law may be presented. The trial will also involve consensually recorded telephone calls in Spanish, e-mails in Spanish, and lengthy video and/or audiotapes recording meetings held in Spanish in four different countries. Body-wires, hidden cameras and hidden microphones were used to obtain some of the recordings. There will be significant logistical difficulties in coordinating the presentation of all this evidence from four different countries. Finally, there will be a substantial amount of discovery material to be turned over to defense counsel for the two remaining co-defendants when they are in United States custody, and it will take time for those counsel to absorb and analyze the material.

For all these reasons, the Court concludes that this is indeed a "complex" case and therefore, it is hereby

**ORDERED**, that a reasonable period of delay between Defendant Nestor Dario Castro's initial appearance and the pending extradition of co-defendant Harol Rodrigo Suarez-Garcia to the United States shall be excluded under the Speedy Trial Act as to Defendant Castro because the ends of justice served by granting the Government's Motion outweigh the best interest of the public and the Defendant in a speedy trial, and it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act; in computing the time within which the trial must commence, the period of time from the filing of the Government's motion to six months therefrom shall be excluded pursuant to 18 U.S.C. § 3161(h)(1)(7), 18 U.S.C. § 3161(h)(8)(A), and 18 U.S.C. § 3161(h)(8)(B)(i) and (ii); and it is further

**ORDERED**, that the Government shall provide, no later than **January 15, 2008**, detailed information to the Court regarding all efforts it has made to obtain the presence of any remaining individuals to be charged as co-defendants, to obtain transcripts of the recorded telephone calls, e-mails and video and/or audio recorded meetings held in four different countries, wiretap evidence if any exists, and to inform the Court whether it has made a Request for Judicial Assistance to the countries of Honduras, Nicaragua, Panama and Columbia and whether it has made a Vienna Convention Mutual Legal Assistance Request to those four countries; and it is further

**ORDERED**, that there will be a further Status Conference in this case on **March 20, 2007 at 10:00 a.m.**[1]

December 12, 2007

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

---

[1] Given the fact that Defendant Castro will have been incarcerated for approximately two years at the time of the Status Conference, the Government should not count on any further continuances or exclusion from the Speedy Trial Act.

-3-