UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| UNITED STATES OF AMERICA |
| v. |
| NESTOR DARIO CASTRO, et al. |

Crim. Case No.: 06-101 (GK)

### DEFENDANT CASTRO'S MOTION *IN LIMINE* TO LIMIT AND PRECLUDE WIRETAP EVIDENCE AND REQUEST FOR TRANSLATED TRANSCRIPTS FOR TRIAL

**COMES NOW DEFENDANT, Nestor Dario Castro** (hereinafter referred to as "Mr. Castro"), by and through undersigned counsel, and respectfully submits this motion *in limine* to limit and preclude wiretap evidence. Additionally, Mr. Castro highlights the need for translated transcripts of calls the government intends to introduce at trial.

### Background

The defense has been provided with a number of audio recordings, many of which purport to be intercepts of the defendant, alleged coconspirators, and others. At issue is whether the purported intercepts are actually what they claim to be - that is, whether they are truly intercepts of the defendant and others. The authentication provisions of Fed.R.Evid. 901 conditions admissibility of such evidence on the existence of "evidence sufficient to support a finding that the matter in question is what its proponent claims."

Defendant requests a preliminary hearing to establish authenticity before any of these tapes are admitted. Second, the alleged intercepts raise hearsay issues. While the defense has received some transcripts, they may facially indicate [assuming authenticity] non-hearsay under

1

Fed.R.Evid. 801(d)(2)(E) (co-conspirator statement during and in furtherance of a conspiracy) or come with hearsay exceptions such as Fed.R.Evid. 803(1)-(3) (statements describing the plan's descent). Finally, several, raise relevance issues.

### Procedures Prior to Playing Calls

Mr. Castro submits that the Court must establish whether the calls are audible and intelligible. The Court must also provide for the proper authentication of the tapes. Should the government wish to use transcripts with the tapes, then the Court and the defense must review and determine the accuracy of those transcripts.

The Court must determine whether the tapes are: 1) plainly audible; 2) marginally audible without transcripts; 3) unintelligible with transcript; or, 4) incapable of any comprehension. It is this determination that will yield the decision as to whether or not transcripts may be allowed. Specifically, the Court must make the government establish:

1. whether the recording devise was capable of creating the tape recording;
2. whether the operator was competent in operating the device;
3. whether the recording was authentic and correct;
4. whether changes, additions, or deletions were made to the tapes;
5. whether the government can establish the chain of custody of the tapes; and,
6. whether government evidence can properly identify the speakers on the tapes.

At this time the government has not established the necessary factors to allow for introduction of such tapes.

### EARLY DISCLOSURE OF TRANSLATED TRANSCRIPTS OF CALLS

Mr. Castro requests the Court for an order directing the government to produce translated transcripts of all calls they intend to use at trial. This disclosure must be with sufficient time for the defense to review and be able to challenge prior to admission.

**WHEREFORE,** Mr. Castro requests the Court for an order precluding and limiting the matters referenced above. Additionally, Mr. Castro asks for production of translated transcripts

of all calls the government intends to use at trial.

          Respectfully submitted,

          **RETURETA & WASSEM, P.L.L.C.**

**By:** _____/s/_____
       Manuel J. Retureta, Esq.
       District of Columbia Bar #430006
       601 Pennsylvania Avenue, NW
       South Building – Suite 900
       Washington, D.C. 20004
       (202) 220-3073
       (202) 220-3130 Fax

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true copy of the foregoing pleading was served on all parties via ECF.

          _____/s/_____
          Manuel J. Retureta, Esq.