UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NESTOR DARIO CASTRO, | ) | Crim. No. 06-101 (GK) |
| | ) | |
| HAROL RODRIGO SUAREZ-GARCIA | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR BILL OF PARTICULARS

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby files its opposition to defendants' motion for a bill of particulars.[1] In support of this opposition, the United States hereby states:

**INTRODUCTION**

The defendants have filed a motion requesting a bill of particulars. The defendants have requested no less than twelve categories of information including, among other things, the exact date, time and place when the defendant first engaged in any overt act in furtherance of the conspiracy, every overt act or statement the defendants engaged in or uttered in furtherance of the conspiracy, and all persons who participated in any conspiratorial acts or conversations.

The information provided by the United States in discovery materials disclosed and available to the defendants is more than sufficient to satisfy the purposes of a bill of particulars - namely, to inform the defendants of the nature of the charge against them so that they can

---

[1] Defendant Harol Rodrigo Suarez-Garcia has adopted and joined the motion originally filed by defendant Nestor Dario Castro.

1

prepare a defense, avoid prejudicial surprise at trial, and protect themselves against a second prosecution for the same offense.  A bill of particulars is not a discovery device and is not intended to force the United States to disclose the details of its case or its legal theories.  Put simply, the defendant's request for information goes far beyond the proper scope and function of a bill of particulars.

Accordingly, the United States requests the Court to rule that the particulars provided to the defendants through discovery and other filings are sufficient to serve the function of a bill of particulars and that the United States need not provide any further particulars to the defendants.

## ARGUMENT

### I.     A BILL OF PARTICULARS IS NOT A DISCOVERY DEVICE

The function of a bill of particulars is to inform a defendant of the nature of the charge in the indictment with sufficient precision to enable the defendant to (1) prepare their defense; (2) avoid prejudicial surprise at trial; and (3) plead double jeopardy as a bar to any further prosecution for the same offense. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927); *United States v. Butler*, 822 F.2d 1191 (D.C. Cir. 1987); *United States v. Whitehorn*, 710 F. Supp 803 (D.D.C. 1989);  *United States v. Burgin*, 621 F.2d 1352 (5th Cir. 1980).  A bill of particulars is not a general investigative tool for the defense, nor is it a device to compel disclosure of all the government's evidence prior to trial. *United States v. Whitehorn*, 710 F. Supp 803 at 821 (it is not the function of a bill of particulars to provide detailed disclosure of the government's evidence). Courts have uniformly held that a bill of particulars is not intended to function as a discovery device.  Where, as here, the request for a bill of particulars amounts to an effort to procure evidentiary material, a bill of particulars is properly denied. *United States v. Poindexter*, 725 F.

Supp 13 (D.D.C. 1989); *United States v. Pollack*, 534 F.2d 964 (D.C. Cir. 1976); *United States v. Whitehorn*, 710 F. Supp 803 (D.D.C. 1989).

The defendants' interrogatory-style bill of particulars request consists of twelve separately bulleted sub-parts. The United States' overriding objection is that the defendants' requests for information go well beyond what the law requires the government to produce in a bill of particulars. These requests are directed at the *evidence* of the charges rather than the *nature* of the charges. In addition, the motion is tantamount to a request for the United States' legal conclusions. Succinctly put, "[a bill of particulars] is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *Burgin*, 621 F.2d at 1359.

The defendants are inappropriately seeking general discovery regarding the conspiracy. In a conspiracy case, a bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of the conspiracy. *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986), *opinion modified in part*, 801 F.2d 378 (11th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987). Courts have repeatedly denied requests for a bill of particulars, like the defendants', which seek "the identities and addresses of unindicted co-conspirators, dates and locations of alleged acts in furtherance of the conspiracy, and [other] detailed information . . . ." *See, e.g., United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981); *United States v. Whitehorn*, 710 F. Supp 803 (D.D.C. 1989)(denying request for a bill of particulars identifying each act and statement by each co-conspirator in furtherance of the conspiracy and stating the time, place and circumstance of the act or statement, the participants and persons present).

Furthermore, a bill of particulars is not intended to eliminate any chance of surprise about the charged conspiracy; it is intended only to avoid *prejudicial* surprise about the charge. As stated in *United States v. Manetti*, 323 F. Supp. 683 (D. Del. 1971):

> [I]t is not the function of a bill of particulars to fully inform the defendant of the evidence which the government will present. Of necessity, therefore, while one of the legitimate functions may be to reduce the role of surprise in criminal cases, it will not do to say that the rule must be applied to shield defendants from the possibility of confrontation with unanticipated evidence. Nor is the rule intended to give the defendant the benefit of the government's investigative efforts. *Id.* at 695 (footnotes omitted).

Much of the government's evidence in this case will consist of conversations, meetings, and acts in which the defendants themselves participated. Where the evidence includes conversations and meetings in which a defendant participated, such defendant can "hardly [be] surprised by the government's proof at trial." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985).

## II. THE COURT HAS DISCRETION TO DENY A MOTION FOR A BILL OF PARTICULARS

A motion for a bill of particulars rests within the sound discretion of the trial court. *United States v. Butler*, 822 F.2d 1191 (D.C. Cir. 1987); *United States v. NYNEX Corporation*, 781 F. Supp 19 (D.D.C. 1991). A defendant possesses no right to a bill of particulars. *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980), *cert. denied*, 484 U.S. 827 (1987). In fact, a court need not order a bill of particulars at all if it finds the indictment adequately apprises the defendants of the charges against them, *Wong Tai*, 273 U.S. at 82, or that the information sought is already in the defendant's possession. *Butler*, 822 F.2d at 1193.

When considering whether to order a bill of particulars, "[t]he important question is

whether the information sought is necessary, not whether it is helpful." *United States v. LaMorte*, 744 F. Supp. 573, 577 (S.D.N.Y. 1990). In short, a motion for a bill of particulars is properly denied where, as here, its requests go to the Government's proof rather than to a clarification of the indictment. *Whitehorn*, 710 F. Supp at.821; *United States v. Espy,* 989 F. Supp 17, 34 (D.D.C. 1997).

**III.  BECAUSE TITLE 21 § 963 REQUIRES NO PROOF OF OVERT ACTS, THE DEFENDANTS ARE NOT ENTITLED TO A DESCRIPTION OF ALL OVERT ACTS**

The violation of 21 U.S.C. § 963 is the agreement itself. An act in furtherance of the agreement need not be alleged or proved. *United States v. Montgomery*, 150 F.3d 983 (9th Cir. 1998). In *Montgomery*, the Ninth Circuit began by noting that the Supreme Court in *United States v. Shabani*, 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994) had held that the government need not prove the commission of any overt acts in furtherance of the conspiracy in order to establish a violation of 21 U.S.C. § 846. The *Montgomery* court, pointing out that the language used by Congress in section 963 and section 846 was identical, and that the statutes were enacted at the same time as part of the same public law, then concluded that "[a]pplication of the reasoning of the court in *Shabani* leads logically to the conclusion that 'proof of an overt act' is not a required element of a conspiracy charge pursuant to section 963." *Montgomery*, 150 F.3d at 998.

This Circuit has reached the same conclusion in reviewing a claim that the district court erred in refusing to compel the government to provide a bill of particulars. In *United States v. Mejia*, 448 F.3d 436 (D.C. Cir. 2006), the Court of Appeals stated that although the indictment did not allege any overt acts, the district court had correctly ruled that the language of Section

5

963 does not call for any to be set forth in the indictment, nor do any have to be committed in order for a 963 violation to be proven. *Id* at 445. Accordingly, the United States objects to the defendants' requests seeking information about overt acts committed in furtherance of the charged conspiracy.

**IV.     DISCOVERY WHICH HAS BEEN PROVIDED TO THE DEFENDANTS MORE THAN SATISFIES THE LEGAL REQUIREMENTS - DEFENDANTS ARE FULLY INFORMED OF THE CHARGES AGAINST THEM**

An important consideration in deciding whether particulars should be granted is the sufficiency of the information already available to the defendants prior to trial. If the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required. *United States v. Coleman*, 940 F. Supp 15 (D.D.C. 1996)(detailed indictment and fourteen boxes of discovery materials sufficient);*United States v. Butler*, 822 F.2d 1191 (D.C. Cir. 1987)(indictment and 150 boxes of documents, records and memoranda turned over to defendant sufficient). Thus, the fact that the defendant has been provided extensive discovery can obviate the need for a bill of particulars. *United States v. Whitehorn*, 710 F. Supp 803 (D.D.C. 1989); *United States v. Poindexter*, 725 F. Supp 13 (D.D.C. 1989)(further particulars including extensive discovery and providing all documents government intended to introduce at trial provided defendant adequate notice).

The indictment in this case, together with the discovery already provided, sufficiently informs the defendants of the nature of the charges against them so that they can prepare their defense, avoid surprise at trial and plead double jeopardy. As a result, the purpose of a bill of particulars has been satisfied. Information which the government has already provided that sets forth particulars regarding the nature of the conspiracy and the role of each defendant in the

conspiracy includes:

**A.      Extradition Documents**

The discovery packets provided to the defense attorneys include the government's extradition documents for each defendant. These extradition documents include affidavits by both a government prosecutor and the DEA case agent which clearly set forth particulars regarding the charges against the defendants. The prosecutor's affidavit includes thirteen paragraphs of specific details regarding the conspiracy, including the role of each defendant, and specific meetings, conversations, and communications in furtherance of the conspiracy. The affidavit of the DEA agent sets forth 34 paragraphs of similar information, including specific dates of overt acts by indicted defendants dating back to October 2004. The agent's affidavit provides detailed information regarding surveillance and recorded audio and video conversations between a DEA confidential source and both defendants during which the parties discuss additional overt acts. Preliminary draft transcripts in Spanish and English of all recorded conversations sought to be introduced at trial have been provided in discovery. All emails sought to be introduced have been provided in Spanish and will be provided in English as they become available.

**B.      Rule 16 Discovery Materials**

The government has provided multiple discovery packets which include approximately 500 pages of documents (including all relevant DEA-6's and DEA cables, and email conversations involving defendant Suarez-Garcia), photos, six video recordings, and approximately 60 audio recordings, including consensually recorded telephone conversations and body wiretaps involving the defendants. Attached to those discovery materials, the

government provided a detailed listing of the specific enclosed items, including the dates of the video, phone call and email communications, the names or designations of participants, and in some cases, a description of the specific content of the video, audio, or email.

In an effort to encourage the defendants to cooperate, the government promptly provided to defense counsel with all relevant DEA reports in the case. The DEA-6's and DEA cables provide a chronological summary of the entire case, as well as summaries of all recordings and emails sought to be introduced at trial. By providing all relevant DEA reports in the case, the government went well beyond its discovery obligations. *See Palermo v. United States*, 360 U.S. 343, 352-53 (1959) (holding that required disclosures under the *Jencks Act* covered "only those statements which could properly be called the witness' own words"); *United States v. Donato,* 99 F.3d 426, 433 (D.C. Cir. 1997) (denying appellate's claim that under the *Jencks Act* the government was required to produce notes and reports regarding an interview of a cooperating witness that were prepared by a government agent).

**C.     Government Motion's to Detain Defendants Pending Trial Provide Particulars**

The detention motions filed by the government in this case provide extensive particulars of the nature of the conspiracy charged in the indictment, the role of each defendant in the criminal enterprise, and outlines various conversations, communications and meetings detailing the defendants' agreement to import cocaine into the United States. *See, e.g. Government's Motion to Detain Defendant Pending Trial* (Nestor Dario Castro), at 1-7, filed October 11, 2007; *Government's Motion to Detain Defendant Pending Trial* (Harol Rodrigo Suarez-Garcia), at 1-6,

filed January 16, 2008.

The government is not required to reveal every single fact the defendants seek in their

sweeping, interrogatory-style requests. Put simply, the defendants' requests for information go far beyond the proper scope and function of a bill of particulars. *See, e.g., Butler*, 822 F.2d at 1193 (where the indictment is sufficiently specific or if the requested information is available in some other form, a bill of particulars is not required); *United States v. Cisneros*, 26 F. Supp. 2d 24, 55-56 (D.D.C. 1998) (where a defendant has enough information to understand the charges alleged in the indictment against him and to conduct his own investigation of those charges, the government should not be required to prepare a bill of particulars).

## CONCLUSION

The amount of information which has been provided to the defendants in this case, particularly through exhaustive discovery, contains more than ample information such that the defendants are informed of the charges against them with sufficient precision that they can prepare their defense, and avoid any prejudicial surprise about the charge. More importantly, the defendants are sufficiently informed to protect them from subsequent prosecution for the same offense. For these reasons, no other bill of particulars should be required.

The government's compliance with its Rule 16 obligations in this case, along with written and oral recitations of the case have placed the defendants in an equal or better position than even the most detailed bill of particulars might afford. Where, as here, the defense has received substantial discovery and other materials from which the nature and essence of the government's case can be easily understood, motions for bills of particulars have been consistently denied.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to deny the defendant's motion.

Respectfully submitted,

_____/s/_____
Jim Faulkner
Trial Attorney

Narcotic and Dangerous Drug Section
U.S. Department of Justice
1400 New York Ave., NW, 8th Floor
Washington, D.C.  20005
(202) 616-8648
jim.faulkner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was delivered to all parties via ECF on this date, May 30th, 2008.

_____/s/_____
Jim Faulkner
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
(202) 616-8648
jim.faulkner@usdoj.gov