UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| NESTOR DARIO CASTRO, ) | Crim. No. 06-101 (GK) |
| ) | |
| HAROL RODRIGO SUAREZ-GARCIA ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE*
TO LIMIT AND PRECLUDE WIRETAP EVIDENCE**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby responds to defendants' motion *in Limine*[1] to limit and preclude wiretap evidence and order early disclosure of translated trial transcripts.

**I.   A Preliminary Hearing on the Admissibility of Audio Recordings is Not Required**

Defendants move the Court for an order precluding the playing of wiretap recordings until after a preliminary hearing to determine the authenticity of the recordings as well as the opportunity to raise hearsay objections. The government opposes a detailed pre-trial hearing and submits that the usual practice of allowing the government to establish the foundation during trial is appropriate.

The recordings sought to be introduced are consensually recorded telephone calls, body wires, and audio/video recordings procured from areas outside of the United States, where the defendants had no expectation of privacy. Each recording will be authenticated by a party to the conversation, who will testify that each conversation is an audible, complete, and correct

---

[1] Defendant Harol Rodrigo Suarez-Garcia has adopted and joined the motion originally filed by defendant Nestor Dario Castro.

recording of the conversation that took place, and who will be able to identify the speakers in the conversations based on many hours of conversations and meetings with each speaker. The conversations will be introduced subject to an adequate evidentiary foundation to be established in the course of the trial.

Admission of tape recordings falls within the "sound discretion" of the trial court. United States v. Sandoval, 709 F.2d 1553, 1554 (D.C. Cir. 1983) (citing United States v. Slade, 627 F.2d 293, 301 (D.C. Cir.1980)). The standard that the government needs to meet for the admissibility of these exhibits is not a demanding one requiring a preliminary hearing. Absent a showing of bad faith or evidence tampering, the Government need only "demonstrate that, 'as a matter of reasonable probability,' possibilities of misidentification and adulteration have been eliminated." United States v. Stewart, 104 F.3d 1377, 1383 (D.C. Cir.1997) (quoting United States v. Robinson, 447 F.2d 1215, 1220 (D.C. Cir.1971) (en banc), on rehearing, 471 F.2d 1082 (1972), rev'd on other grounds, 414 U.S. 218 (1973)). Defendant cites no legal basis to conduct a preliminary hearing on the issue of authenticity. It is not an abuse of discretion for the Court to allow the Government to authenticate the recordings in the presence of the jury during a trial. United States v. White, 116 F.3d 903, 921 (D.C. Cir. 1997). "There is no single rigid standard for determining whether a tape recording may be admitted into evidence." United States v. Dale, 991 F.2d 819, 842 (D.C. Cir. 1993) (citations omitted). The government need only show that the recordings were authentic, accurate, and trustworthy. Id.

Furthermore, the government will seek to elicit only those out-of-court statements that are admissible under the applicable constitutional principles and evidentiary and hearsay rules. Again the defendant provides no authority to preclude the admission of audio recordings until

2

the Court makes a preliminary showing of admissibility. As defendant concedes in his motion, there are various evidentiary bases supporting the admission of recordings against the defendant. One in particular that he cites provides for the admission of statements of co-conspirators made in furtherance of the conspiracy, which are not hearsay and are admissible against all co-conspirators. United States v. (Joseph) Jackson, 627 F.2d 1198, 1216 (D.C. Cir. 1980); Fed. R. Evid. 801(d)(2)(E) (provides that statements of co-conspirators made in furtherance of the conspiracy are not hearsay). To admit such statements, the government need only prove by a preponderance of the evidence that a conspiracy existed between the defendant and the declarant and that the statement was made in furtherance of the conspiracy. United States v. Beckham, 968 F.2d 47, 51-52 (D.C. Cir 1992) (citing Bourjaily v. United States, 438 U.S. 171, 175 (1987)).

Defendant cites no case holding that the Court must decide the admissibility, under either co-conspirator or other theory of admissibility, of these statements in advance of the trial. Indeed, appellate courts have routinely upheld the practice of deferring the determination of a defense motion until the trial if that motion requires "deciding issues of fact that are inevitably bound up with evidence about the alleged offense itself." United States v. Wilson, 26 F.3d 142, 159 (D.C. Cir. 1994), cert. denied, 514 U.S. 1051 (1995). In United States v. Gantt, 617 F.2d 831, 845 (D.C. Cir. 1980), the D.C. Circuit upheld the trial court's refusal to hold a pretrial hearing into the existence of a conspiracy so as to determine admissibility of statements under co-conspirators' exception to hearsay rule. The court explained that "[a]s a practical matter, to avoid what otherwise would become a separate trial on the issue of admissibility, the court may admit declarations of coconspirators' subject to connection.'" Id.; see also Jackson, 627 F.2d at

1218 (trial courts are not required to hold "mini-trials" on the conspiracy issue before the conditional admission of a coconspirator's statements); United States v. Edelin, 128 F. Supp.2d 23, 45-46 (D.D.C. 2001) (Lamberth, J.) (holding that "hearing to make an advance determination of conspiracy is unnecessary for the Court's determination by a preponderance of evidence that a conspiracy existed").

In light of these considerations, the Court should reject defendant's request for a pretrial hearing relating to the authentication and admissibility of wiretap recordings. To determine pretrial whether a particular statement meets the elements for the admission recordings, the Court would essentially have to conduct a trial before the trial. Rule 801(d)(2)(E) requires the government to prove both that the conspiracy exists and that the statement was made in furtherance of the conspiracy. Much of the government's evidence at trial will be presented to prove the existence of the narcotics conspiracy. Furthermore, the government represents that the recordings it intends to present are of sufficient quality and anticipates showing they are accurate, authentic, and trustworthy. It would not be an efficient use of the Court's resources to present this evidence twice in order to resolve the questions the defendant raises in advance of trial. The government's case is likely to last approximately two weeks. Neither the federal rules nor prior cases require that the Court undertake such an exercise.

**II.     Translated Transcripts of Audio/Video Recordings Have Been Disclosed**

The defendants–who are notably both fluent Spanish speakers--have had access to and been in possession of all the Spanish audio and video recordings associated with this case for several months. The government provided draft Spanish transcriptions/English translations of ten significant recorded exhibits during January - February 2008. Draft transcription/translations

of all of the remaining audio/video exhibits the government may seek to introduce were provided to the defense on May 21, 2008, subsequent to the filing of the defense motion this pleading is responsive to. The defense has not yet identified any specific recording or transcript that may be subject to an admissibility objection. If necessary, the government may call the expert interpreter/translators who translated the recordings to testify as to the audibility of the recordings and accuracy of the transcripts.

The government intends to identify and provide finalized versions of the specific transcripts it will seek to admit at trial no later than fourteen days before the commencement of trial so that disputes over any alleged inaccuracies between the transcripts and recordings can be resolved per Section V, subsection L of this Court's "Trial Procedures" order issued May 13, 2008 (ECF Doc. 50).

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to deny the defendant's motion.

Respectfully submitted,

_____/s/_____
Jim Faulkner
Trial Attorney

Narcotic and Dangerous Drug Section
U.S. Department of Justice
1400 New York Ave., NW, 8th Floor
Washington, D.C. 20005
(202) 616-8648
jim.faulkner@usdoj.gov

5

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of this pleading was delivered to all parties via ECF on this date, May 30th, 2008.

                                                        _____/s/_____
                                                        Jim Faulkner
                                                        Narcotic and Dangerous Drug Section
                                                        Criminal Division
                                                        U.S. Department of Justice
                                                        (202) 616-8648
                                                        jim.faulkner@usdoj.gov