UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NESTOR DARIO CASTRO, | ) | Criminal Case No. 06-101 (GK) |
| | ) | |
| HAROL RODRIGO SUAREZ-GARCIA | ) | |
| | ) | |
| Defendants. | ) | |

### GOVERNMENT'S RESPONSE TO MOTION TO COMPEL DISCLOSURE OF EXPERT TESTIMONY[1]

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby responds to the defendants' motion for an order to disclose expert witnesses. The defendants have filed a *Motion to Compel Disclosure of Expert Testimony*.[2] The defendants' proposed order asks this Court to direct the government to provide notice to the defendants of any expert testimony it intends to provide at trial. The government will provide information about expert witness testimony six weeks prior to trial.

I. **THE UNITED STATES WILL COMPLY WITH RULE 16(a)(1)(G)**

The United States will comply with its obligation pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure which requires the government to provide the defendants

---

[1] This motion is entitled "Motion for Disclosure of Co-Defendant Statements Pursuant to United States v. Bruton," but entered on the Docket (Docket Entry 49) as "Motion to Compel Disclosure of Expert Testimony."

[2] Defendant Harol Rodrigo Suarez-Garcia has adopted and joined the motion originally filed by defendant Nestor Dario Castro.

with a written summary of expert witness testimony that it intends to use in its case-in-chief. At this time, the government anticipates calling one expert to testify. The subject of his testimony will include the following: United States-bound drug distribution in Central and South America, as well as background on the Colombian narco-paramilitary organization "United Self Defense Forces of Colombia", better known as the AUC, of which the defendants claimed to be part.

## II.   DEFENDANTS ARE NOT ENTITLED TO AN ORDER REQUIRING NOTICE OF EXPERT TESTIMONY

Currently, ten weeks still remain until the date this case is set for trial, August 11, 2008. The defendants are not entitled, at this time, to an order requiring the United States to give notice of its intention to offer expert witnesses pursuant to Rule 16(a)(1)(G). The Advisory Committee Notes for the 1993 Amendment state that this provision contains "no specific timing requirements . . . [and] it is expected that the parties will make their requests and disclosures in a timely fashion." Fed. R. Crim. P. 16 advisory committee notes. In *United States v. Martinez*, 476 F.3d 961, 967 (D.C. Cir. 2007), the Government's disclosure of proposed expert witness testimony six weeks prior to trial was timely. Although no specific timing requirements are established by Rule 16, the Government is willing to provide proposed expert testimony six weeks prior to the start of trial. Rule 16(d)(2)(A) allows for an order of the court where a party fails to comply with its discovery obligations; however, the government has not failed to provide timely disclosure of expert witness testimony.

The Government is aware of its responsibilities under Rule 16(a)(1)(G). In that the government will provide to the defendants a written summary of testimony of any expert witnesses it intends to call during its case-in-chief by June 30, 2008, defendants' instant motion

2

is unnecessary and premature. It should, therefore, be denied.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to deny the defendants' motion.

Respectfully submitted,

_____
Jim Faulkner
Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice
1400 New York Ave., NW, 8th Floor
Washington, D.C. 20005
(202) 616-8648
jim.faulkner@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was delivered to all parties via ECF on this date, May 30, 2008.

_____
Jim Faulkner
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
(202) 616-8648
jim.faulkner@usdoj.gov