UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| HAROL RODRIGO SUAREZ-GARCIA, | )   Crim. No. 06-101 (GK) |
| | ) |
| NESTOR DARIO CASTRO, | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR PRESERVATION OF ELECTRONIC MAIL[1] AND GOVERNMENT'S REQUEST FOR PRETRIAL RULING REGARDING ADMISSIBILITY OF EMAILS**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby (1) responds to the defendants' request that emails that may have been authored by potential government witnesses be preserved as potential Jencks or Brady material and be turned over to the defense as required by applicable law, and (2) requests a pretrial ruling on the admissibility of emails between defendant Harol Rodrigo Suarez-Garcia and the confidential source (CS), which were previously turned over in discovery.

I.  The Government's Discovery Obligations with Regard to Electronic Communications

18 U.S.C. § 3500 (the "Jencks Act") provides that in a federal criminal prosecution, after a witness called by the United States has testified on direct examination, the court, on motion of the defendant, shall order the United States to produce any "statement," as defined in the Act, *in the possession of the United States* that *relates to the subject matter as to which the witness has testified* (emphasis added). As an initial matter, contrary to defendant's motion, the government

---

[1] The motion was originally filed by defendant Harol Rodrigo Suarez-Garcia, but was later joined and adopted by co-defendant Nestor Dario Castro.

is clearly not required under even the most liberal reading or interpretation of the Jencks Act to preserve and furnish upon defense request "all electronic mailings that were made in connection with the investigation and prosecution of this case" related to government witnesses. Def. Motion at 1. It is unclear whether defense counsel intended such an overly broad scope to his request, but if read literally, it would presumably include any and all of the broad range of case related email communications between the attorneys representing the government in this case and law enforcement agents and/or experts expected to be called by the government to testify at trial – i.e., materials that would substantially consist of attorney work product or otherwise privileged communications revealing the government's trial strategy or witness mental impressions. Such communications do not "relate to the subject matter as to which a witness has testified" and are not "statements" falling within the provisos of the Jencks Act.

If the defendant's request is actually aimed at the preservation and disclosure of email communications authored by government informants, the government asserts that it has provided in discovery all such materials in its possession in compliance with its Jencks, Brady and Giglio obligations. After consulting with the lead DEA agent on the case and the sole CS who participated in the investigation, the government can state that, to the best of its knowledge, all relevant email and "chat" communications between defendant Suarez and the CS were provided to defense counsel. These electronic communications took place between late 2004 and early 2006. They were obtained, printed out, and saved from the CS' email accounts shortly after the communications took place. All other emails or "chats" in the CS' account at that time have long since been deleted by the CS, as they had no relevance to the investigation.

In addition to providing in discovery all of the printouts of email communications

between defendant Suarez and the CS, as obtained from the CS' accounts, the government also turned over to defense counsel all data and communications obtained from search warrants of email accounts dominik131@hotmail.com, chicoche_13@hotmail.com and chicoche_13@yahoo.com, which were utilized by the defendant Suarez in all of his communications with the CS. Neither the government nor the CS possess any other emails by the CS or the defendants relevant to this investigation besides what has already been turned over.

The government does not believe that it is under an obligation to attempt to preserve or obtain email accounts that are not in its possession and are not under its control. Moreover, the defendants are in a better position than the government to preserve and obtain information from email accounts under their control where they may have received communications from the CS. However, in an abundance of caution, the government has sent preservation letters to preserve all known accounts tied to the defendants and the CS. Besides the CS, the only other witnesses in the case are a DEA expert, DEA agents, and foreign law enforcement officers acting in an under cover capacity (UC's). None of their email communications could be fairly considered "statements" under the Jencks Act. Accordingly, the government has complied with its preservation and disclosure obligations regarding such material, and the defendants' motion should be denied.

**II.    Government's Request for Pretrial Ruling Regarding Admissibility of Electronic Communications Between Defendant Suarez and the CS**

In order to eliminate confusion and delay at the trial, the government hereby moves for a pretrial ruling on the admissibility of the emails referenced above between defendant Suarez and the CS. The emails will be authenticated by the CS who was a party to all email

3

communications to be admitted. The defendant Suarez spelled out his email addresses to the CS over the phone, and the CS received email communications from those addresses which were consistent with the subject matter of the telephone, body-wire, hidden recordings and other communications in the course of the conspiracy. Some of the email communications were subsequently discussed by defendant Suarez and the CS over the phone in both recorded and unrecorded conversations. Furthermore, one of the email addresses was dominik131@hotmail.com. In some of the phone conversations between the CS and defendant Suarez, the CS refers to Suarez as "Dominik", and the defendant Suarez responds to same.

To authenticate e-mails the government must only present "evidence sufficient to support a finding that the matter in question is what [the government] claims." Fed. R. Evid. 901. Showing that testimony, which tends to establish the authenticity of e-mails, has a valid basis is sufficient. Fed. R. Evid. 901(b)(1). Additionally, circumstantial evidence, including but not limited to appearance, contents, substance, internal patterns, or other distinctive characteristics can be used to authenticate e-mails. Fed. R. Evid. 901(b)(4). In fact, any combination of authenticating evidence will suffice if taken together the requirement of 901(a) is satisfied. United States v. Reilly, 33 F.3d 1396 (3rd Cir. 1994) (citing 5 Weinstein's Evidence ¶ 901(b)(1)[01] at 901-32). The government must only authenticate a single e-mail for all similar e-mails to be admissible and presented to the trier of fact. Fed. R. Evid. 901(b)(4).

In authenticating e-mails for admission into evidence, the government has only a minimal burden in proving the veracity of a validating witness or the connections between circumstantial evidence and authenticity. United States v. Safavian, 435 F. Supp. 2d 36, 38 (D.D.C. 2006); See, e.g., United States v. Reilly, 33 F.3d 1396, 1404 (3d Cir. 1994) ("the burden of proof for

authentication is slight."); United States v. Coohey, 11 F.3d 97, 99 (8th Cir. 1993) ("the proponent need only demonstrate a rational basis for its claim that the evidence is what the proponent asserts it to be"). The government must only make a prima facie case on authenticity, not a full argument on admissibility. Reilly, 33 F.3d at 1404. Therefore, the key question is not whether an e-mail is authentic beyond a reasonable doubt, but instead, whether a reasonable jury could ultimately make that finding. Safavian, 435 F. Supp. 2d at 38.

In Safavian, the court indicated that one of the clearest ways to authenticate emails is by calling a party to the email communication. Id. at 40, footnote 2. In that case, even though the government "decided not to call Jack Abramoff, the one witness who could authenticate almost every one of the proffered emails," the court found that other methods of authentication were sufficient. Id. The court pointed out that one method of authenticating emails is by relying on the e-mail address, including both the "@" sign, to prove the document was an e-mail, and the name attached to the e-mail address, proving the identity of the sender. Similar to the author in Safavian, Suarez's e-mail address, dominick131@hotmail.com, contained his name. Unlike in Safavian, "Dominik" is an alias, but because the CS used "Dominik" to refer to Suarez and Suarez responded necessarily means that any difference is mere semantics. See United States v. Siddiqui, 235 F.3d 1318, 1323 (11th Cir. 2000) (nickname known and used by both parties is highly relevant in authenticating author of e-mails).

Furthermore, the circumstances surrounding the e-mails tend to prove authenticity. Circumstantial evidence includes the phone conversations in which defendant Suarez gave the CS the address, as well as phone conversations, body wires, and hidden recordings on which the subject matter of the e-mails was further discussed by Suarez and the CS. Thus, it is clear that

Suarez intended to and actually did communicate with the CS through the e-mail addresses in question. See Siddiqui, 235 F.3d at 1323 (telephone calls between sender and recipient of e-mail messages, where the parties discuss the contents of e-mail messages, tends to prove authenticity). Therefore, with the direct evidence, coupled with testimony from the CS, and circumstantial evidence the government will have met its minimal burden in establishing the authenticity of the emails in question. The question of whether the e-mails are authentic beyond a reasonable doubt should properly be left to the jury.

Once authenticated, the emails will be admitted under an appropriate rule of evidence the foundation for which will be established and tied up during the course of the trial. Such bases of admissibility will include admissions by a party opponent under Federal Rule of Evidence (FRE) 801(d)(2)(A); statements by a co-conspirator made in furtherance of the conspiracy under FRE 801(d)(2)(E); non-hearsay statements offered to show the defendants' state of mind (including intent, plan, motive or design) under FRE 803(3); statements not offered for their truth which provide necessary context for other statements; or another appropriate theory of admissibility[2]. What the government requests at this time is a pretrial ruling regarding the appropriateness of the government's proffered method of authentication, subject to a proper evidentiary foundation being established or tied up through the course of the trial.

---

[2]The government will not offer any of the electronic communications as self-authenticating business records.

WHEREFORE, for the foregoing reasons, the United States respectfully asks the Court to deny the defendant's motion for preservation of electronic mail and grant the government's request for a pretrial ruling affirming the admissibility of email communications subject to the proffered method of authentication and an adequate evidentiary foundation being established throughout the course of the trial.

Respectfully submitted,

_____
James A. Faulkner, Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice
1400 New _ York Ave., NW, 8th Floor
Washington, D.C. 20005
(202) 616-8648
jim.faulkner@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was delivered to all parties via ECF on this date, June 1, 2008.

_____
James A. Faulkner, Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
(202) 616-8648
jim.faulkner@usdoj.gov