UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Criminal No. 06-101 (GK) |
| | : |
| NESTOR DARIO CASTRO, | : |
| | : |
| Defendant. | : |

## ORDER

Defendant Castro has filed a Motion to Disclose Identities of Confidential Source and Government Witnesses. Upon consideration of that Motion and the Opposition,[1] the Court concludes that the Motion should be **denied**.

The Government has indicated in its opposition that there is only one confidential source ("CS") who will be testifying at this trial. Furthermore, this CS was not, according to the Government, any kind of participant in the criminal activities which are the subject of this case. The Government has already turned over all Jencks material that it possesses for this CS, and has indicated it will turn over any additional Jencks material that may come into its possession before the commencement of trial. Since no Reply was filed, the Court assumes that the defense has no disagreement with these factual representations of the Government.

The Government is requesting permission to use a pseudonym for the CS and to disclose the identity of that person only after the jury has been sworn in. The Government's Memorandum spells out, in great detail, why this particular witness is in very serious danger. See Govt.'s Opp., at 4-8. What is more, the CS and an associate have already been shot in February, 2001 in a retaliatory attack in Central America. After that attack, the Drug Enforcement Administration assisted the CS

---

[1] No Reply was filed.

in relocating to El Salvador for his/her protection. In June 2001, the CS fled to the United States and has been here since that time. However, the CS does not have permanent legal status in the Untied States, and therefore after the conclusion of the trial, could be returned to Central America. Based on these facts, which again are not disputed, the Government has made a very strong showing that the CS is in grave danger and that the "informant's privilege" established in Roviaro v. United States, 353 U.S. 53 (1957), is appropriately applied to him/her. For the same reasons, it is appropriate to allow the CS to testify under an assumed name. See United States v. Ellis, 468 F.2d 638 (9th Cir. 1972); United States v. Rangel, 534 F.2d 147, 148 (9th Cir. 1976); and Clark v. Ricketts, 958 F.2d 851, 855 (9th Cir. 1991).

WHEREFORE, for all the foregoing reasons, it is this 10th of June, 2008, hereby

ORDERED, that Defendant's Motion is **denied**; and it is further

ORDERED, that Government counsel should provide to the defense all Brady, Giglio, and additional Jencks material, and the identity of the CS, one week prior to the commencement of trial; and it is further

ORDERED, that this information shall be subject to a Protective Order that counsel are to agree upon and present to the Court no later than July 1, 2008.

Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**