UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :   Criminal No. 06-101 (GK) |
| | : |
| NESTOR DARIO CASTRO, *et al.*, | : |
| | : |
| Defendants. | : |

### ORDER

Defendant Castro has filed a Motion in Limine to Limit and Preclude Wiretap Evidence. Upon consideration of the Motion and the Opposition,[1] the Court concludes, for the following reasons, that the Motion should be **denied**.

1. Defendant requested an Order requiring the Government to produce translated transcripts of all telephone calls it intends to use at trial. The Government represented in its Opposition, without any disagreement from Defendant, that it had already provided in January and February of 2008, draft Spanish transcripts/English translations of 10 significant recorded exhibits, and provided on May 21, 2008, transcripts/translations of all remaining audio-video exhibits it intends to introduce at trial. Therefore, it would appear that the Government has already complied with the defense request.

2. Defendant also asks for a pretrial hearing to establish the authenticity of all tapes the Government intends to use, and to address all hearsay issues which may be raised by the tapes. No such pretrial hearing is necessary. The Court has considerable discretion in ruling on the admission of tape recordings. The Government has represented that it will authenticate the recordings in the presence of the jury during trial. At that time, of course, the Government must show that the

---

[1] No Reply was filed.

recordings were authentic, accurate, and trustworthy. United States v. Dale, 991 F.2d 819, 942 (D.C. Cir. 1993). Defendant has provided no specifics to justify its concerns about lack of audibility/authenticity of the tapes. At this time, Defendant has demonstrated absolutely no need for holding a pretrial hearing.

As to the Defendant's request for a pretrial hearing to rule on hearsay issues presented in the tapes, the law in this Circuit is very clear. Our Court of Appeals has routinely upheld the practice of deferring ruling on hearsay issues, especially in conspiracy cases, where the Defendant is raising the applicability of Fed. R. Evid. 801(d)(2)(E). See United States v. Wilson, 26 F.3d 142, 159 (D.C. Cir. 1994), cert. denied, 514 U.S. 1051 (1995); United States v. Gantt, 617 F.2d 831, 845 (D.C. Cir. 1980).

**WHEREFORE**, it is this 11th day of June, 2008, hereby

**ORDERED**, that Defendant's Motion in Limine to Limit and Preclude Wiretap Evidence is **denied**.

_/s/ Gladys Kessler_
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**