UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Crim. No. 06-101 (GK) |
| v. ) | |
| ) | |
| ) | |
| HAROL RODRIGO SUAREZ-GARCIA ) | |
| a/k/a "Jose Luis Herrera," a/k/a ) | |
| "Chico," a/k/a "Dominick," ) | |
| ) | |
| NESTOR DARIO CASTRO, ) | |
| a/k/a "Alberto," ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S MOTION IN LIMINE FOR JENCKS ACT HEARINGS OUTSIDE THE PRESENCE OF THE JURY**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby moves that the Court conduct all Jencks Act inquiries outside the presence of the jury. In support of this motion, the United States hereby states:

**INTRODUCTION**

The United States respectfully requests that the Court enter a pre-trial ruling concerning the application of the *Jencks Act* to this case. In accordance with the D.C. Circuit Court of Appeal's unequivocal holding in Johnson v. United States, the Government requests that all *Jencks Act* inquiries made by defense counsel be conducted outside the presence of the jury. 347 F.2d 803, 806 (D.C. Cir. 1965).

**LEGAL ANALYSIS**

-1-

**1. All Jencks Act Inquiries Should Take Place Outside the Presence of the Jury**

The *Jencks Act* requires the Government to disclose to the defense any "statements" made by a witness which pertain to the same subject matter as the witness' testimony. See 18 U.S.C. Section 3500. A "statement" includes: (1) a written statement made by the witness or adopted by him; (2) a "substantially verbatim" contemporaneous recording of an oral statement made by the witness; or (3) grand jury testimony. The provisions of the *Jencks Act* have been codified in Federal Rule of Criminal Procedure 26.2.

By its express terms, neither the *Jencks Act*, nor the mirroring federal criminal rule, set forth the procedures for ensuring that all appropriate *Jencks* material has been disclosed. In this jurisdiction, the Court of Appeals has determined that the defense's request for *Jencks* material and any questioning on the subject should be done outside the presence of the jury. Johnson v. United States, 347 F.2d 803 (D.C. Cir. 1965). The Johnson court held that "in order to avoid the undue prejudice which may arise from the jury's knowledge that Jencks Act statements were available to the accused, motions for their production should be made outside the hearing of the jury." Id. at 806. Decisions following Johnson have noted the reason for holding the inquiry outside the presence of the jury is to protect the defendant by precluding the jury "from drawing an inference that the prior statements received are consistent with the witnesses' [trial] testimony . . . . " Gregory v. United States, 369 F.2d 185, 190 (D.C. Cir. 1966); Accord United States v. Pickett, 746 F.2d 1129, 1135 (6th Cir.1984); United States v. Frazier, 479 F.2d 983 (2nd Cir. 1973); United States v. Nielson, 392 F.2d 849, 854 (7th Cir. 1968).

Furthermore, there is a risk of unfair prejudice to the Government if defense counsel

makes *Jencks* inquiries before the jury. For example, defense counsel could frequently ask Government witnesses whether they made prior statements to government agents and whether notes were taken, and if notes were taken, then demand their production. By doing this, the defense could imply to the jury, intentionally or otherwise, that the Government is wrongfully withholding material or the witness is being less than candid. See United States v. Curry, 512 F.2d 1299, 1303 (4th Cir. 1975) (trial court read the *Jencks Act* to the jury so they could understand the dispute between counsel and to preclude any inference by the jurors that evidence was being withheld from them). *Jencks* was intended to facilitate impeachment by cross-examination with prior inconsistent statements contained in any such notes, not to cross-examine witnesses about the mere existence of statements or notes.

Finally, conducting a *Jencks Act* inquiry in front of the jury can be laborious and time consuming. That is particularly likely in this case where most of the witnesses are foreign nationals and have no prior experience with the United States' judicial system. There is no reason to subject the jurors to an endless repetition of questions with each witness concerning note-taking procedures. The process would not only be excruciatingly boring, but would serve only to confuse the members of the jury. *See* Fed. R. Evid. 403.

Therefore, the Government will continue to ensure that all material covered by the *Jencks Act* is provided to defense counsel. The Government is not asking to circumscribe the defense efforts to examine the witnesses as to the existence of other *Jencks* material; rather, it asks only that any such inquiry be done outside the presence of the jury.

**CONCLUSION**

     For the reasons stated above, the government respectfully requests the Court to grant this motion.

Respectfully submitted,

/s/
Jim Faulkner
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
1400 New York Ave., NW, 8th Floor
Washington, D.C. 20005
202-616-8648
Jim.Faulkner@usdoj.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of this pleading was delivered to all parties via ECF on this date, July 9, 2008

/s/
Jim Faulkner