UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                            ) | Crim. No. 06-101 (GK) |
| ) | |
| ) | |
| **HAROL RODRIGO SUAREZ-GARCIA**  ) | |
| a/k/a "Jose Luis Herrera", a/k/a   ) | |
| "Chico", a/k/a "Dominick",            ) | |
| ) | |
| **NESTOR DARIO CASTRO,**               ) | |
| a/k/a "Alberto",                             ) | |
| ) | |
| Defendants.                          ) | |

**Order**

Upon consideration of the "Government's Motion Under the Speedy Trial Act to Exclude Time Based on Complexity of Case, Requests for Evidence from Foreign Governments, and the Disposition of Pre-Trial Motions," and in light of the Court's Memorandum Order of December 12, 2007 as to codefendant Castro (ECF document 18), as well as the Court's Order of January 15, 2008 as to codefendant Suarez (ECF document 20-2), the Court hereby **ORDERS** that the government's motion is **GRANTED.**

1. The Court **FINDS**, pursuant to 18 U.S.C. § 3161(h)(8)(A), and 18 U.S.C. § 3161 (h)(8)(B)(ii), that the ends of justice served by granting the government's motion outweigh the best interest of the public and the defendant in a speedy trial. The reason for this finding is the Court's determination that this case is a complex case:

a. As described by the government, this is an international narcotics conspiracy to trade narcotics for cash and weapons that would be provided to a State Department-designated Foreign Terrorist Organization, involving witnesses from, and evidence developed in, four foreign countries. Furthermore, the case involves the extraterritorial application of United States law. Much of this investigation occurred outside the United States and was conducted by Special Agents of the DEA and their foreign counterparts in Honduras, Nicaragua, Panama, and Colombia.

b. Many of the witnesses who will testify for the government at trial are citizens of these countries.

c. Because the case involves the extraterritorial application of United States law and the prosecution of individuals allegedly conspiring to trade narcotics for cash and weapons to be provided to a Foreign Terrorist Organization, it may present novel questions of fact or law.

d. Because there were 300 pages of documents that had to be translated from Spanish into English, and that the Confidential Source, who participated in the conversations, is carefully reviewing to ensure accuracy of the conversations and the identity of speakers. The government is currently reviewing all of the approximately 600 pages of material (300 pages in original Spanish and 300 pages translated into English).

Accordingly, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act.

2. The Court **FINDS**, pursuant to 18 U.S.C. § 3161(h)(9), that the government has repeatedly made official requests for evidence going back to 2007, and most recently

in January and May 2008, from the government of Panama. The Panamanian request is still pending, thereby requiring government counsel to travel to Panama in an attempt to obtain the evidence, thus tolling the speedy trial clock from January 2008 until the present.

    3.  The Court **FINDS**, pursuant to 18 U.S.C. § 3161(h)(1)(F), that motions were filed on May 13, 2008 and those motions, as well as others, were under advisement until June 10, 2008, thus tolling the speedy trial clock for 28 days.  Furthermore, any time from July 4, 2008, when the defendants filed a Memorandum in Opposition as to the Government's Second Supplemental Notice of 404(b) Evidence (ECF document 83), until the resolution of all pending motions, should be tolled.

    4.  Accordingly, in computing the time within which the trial must commence, the period of time from April 19, 2008, until August 11, 2008, shall be excluded pursuant to 18 U.S.C. § 3161(h)(8)(A), 18 U.S.C. § 3161(h)(8)(B)(ii), 18 U.S.C. §3161(h)(9), and 18 U.S.C. § 3161(h)(1)(F).

DATE: _____           _____
                                                                 GLADYS KESSLER
                                                                 JUDGE
                                                                 UNITED STATES DISTRICT COURT