UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal No. 06-101 (GK) |
| HAROL RODRIGO SUAREZ-GARCIA, *et al.*, | : **FILED** |
| Defendants. | : JUL 1 4 2008 |
| | : Clerk, U.S. District and Bankruptcy Courts |

## MEMORANDUM ORDER

The Government has filed a Second Supplemental Response to Defendants' Request for Notice of Intention to Use Rule 404(b) Evidence at Trial. Upon consideration of that Response, Defendants' Opposition, and the applicable case law,[1] the Court concludes that the Government may be allowed, pursuant to Federal Rule of Evidence 404(b), to introduce three of the four pieces of evidence it has described, subject to any other evidentiary objections which may be made at trial.

The Defendants are charged with conspiracy to distribute cocaine intending and knowing that such cocaine would be imported into the United States. The charged conspiracy covers the period from October 2004 up to and including April 5, 2006. The object of the conspiracy was to sell heroine and cocaine in exchange for military grade weapons with the intention that the narcotics be imported into the United States and that the weapons be purchased by a right wing paramilitary organization known as the United Defense Force of Colombia ("AUC").

1. The Government seeks to introduce statements by Defendant Castro regarding an agreement between him and the Confidential Source ("CS") for the CS to purchase an additional 200 kilograms of cocaine on credit. This evidence is inextricably intertwined with the charged

---

[1] No Reply was filed by the Government.

conspiracy because it is part of the same transaction or series of transactions. United States v. Badru, 97 F.2d 1471, 1474 (D.C. Cir), *cert. denied*, 520 U.S. 1213 (1997). The conversation about the purchase of the additional 200 kilograms of cocaine occurred while the CS was negotiating with Defendant Castro to purchase 700 kilograms in exchange for military grade weapons. In addition, these are relevant statements made by co-conspirators during the course of and in furtherance of the conspiracy.

2. The Government seeks to introduce a statement by Gonzales, which he made on November 4, 2005 while he, Defendant Garcia, the CS, and a Nicaraguan undercover officer ("UC") were on route to engage in further negotiations in the cocaine for weapons transaction. Gonzales indicated he had been arrested in Nicaragua in August 2004 with approximately 163 kilograms of cocaine, and therefore was very nervous about going to see the weapons that would be exchanged for the cocaine in this case. The Government argues that this statement is also inextricably intertwined with, and in furtherance of, the charged conspiracy because it was communicated to the CS to alleviate any doubts about Gonzales' trustworthiness and reliability. The Government's argument is extremely far-fetched and unpersuasive. There is no question that the statement itself was not a part of any transaction or series of transactions involved in this case nor does it meet any of the other requirements of Rule 404(b).

3. The Government seeks to introduce statements by Defendant Garcia regarding his attempts to hire the CS to launder the money which would be generated by the conspiracy. There can be no question that this attempt to enter into a money laundering agreement is inextricably intertwined with the charged conspiracy, and therefore the statements may be admitted. Badru, at 1474. In addition, the evidence is reflective of motive and plan.

4.     The Government seeks to introduce evidence of the prior relationship between Defendant Garcia and the CS. The CS would testify that he has known Defendant Garcia since the late 1990's, when they were involved in working for a drug and weapons trafficking organization operating as a legitimate road construction company called Ramon-Way/Cruz-Garcia.

Evidence of the lengthy earlier relationship between the CS and Defendant Garcia working together in a narcotics and weapons trafficking organization is probative of motive, intent, plan, and knowledge under Rule 404(b) of the Federal Rules of Evidence. The evidence is being offered to show that the conspiracy charged in this case was facilitated in large part because of the prior dealings between the CS and Defendant Garcia and the trust engendered by that relationship. Evidence of the relationship indicates Defendant Garcia's knowledge about narcotics trafficking, the motive for contacting the CS about joining the conspiracy, and the development of the plan for the charged conspiracy. In addition, evidence of the prior relationship is very probative regarding the ability of the CS to identify Defendant Garcia's voice on audio recordings which were made in the early stages of the charged conspiracy.

5.     Having found the evidence described in paragraphs 1, 3 and 4 probative pursuant to Rule 404(b), the Court must determine whether that probative value "is substantially outweighed by the dangers of unfair prejudice," pursuant to Fed. R. Evid. 403. The Court concludes that there is absolutely no such danger of unfair prejudice outweighing the probative value of this evidence.

For the foregoing reasons, it is this 14th day of July, 2008, hereby

**ORDERED**, that the Government may introduce, subject to any other evidentiary objections, the evidence described in paragraphs 1, 3 and 4 herein; and it is further

**ORDERED**, that the Motions Hearing scheduled for Monday, July 21, 2008, is hereby **canceled.**

*Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**