UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal Case No. 06-101 (GK) |
| HAROL RODRIGO SUAREZ-GARCIA, ) | |
| a/k/a "Jose Luis Herrera", ) | |
| a/k/a "Chico", ) | |
| a/k/a "Dominick", ) | |
| ) | |
| NESTOR DARIO CASTRO, ) | |
| a/k/a "Alberto", ) | |
| ) | |
| Defendants. ) | |

**Order**

Upon consideration of the "Government's Supplemental Submission in Support of its Motion Under the Speedy Trial Act to Exclude Time Based on Complexity of Case, Requests for Evidence from Foreign Governments, and the Disposition of Pre-Trial Motions," the "Government's Motion Under the Speedy Trial Act to Exclude Time Based on Complexity of Case, Requests for Evidence from Foreign Governments, and the Disposition of Pre-Trial Motions," the Court's Memorandum Order of December 12, 2007 as to the defendant Nestor Dario Castro (ECF Document 18), and the Court's Order of January 15, 2008 (ECF Document 20-2) as to the defendant Harol Rodrigo Suarez-Garcia, the Court hereby **ORDERS** that the Government's motion is **GRANTED**.

1. The Court **FINDS**, pursuant to 18 U.S.C. § 3161(h)(8)(A), and 18 U.S.C. § 3161(h)(8)(B)(ii), that the ends of justice served by granting the Government's motion outweigh the best interest of the public and the defendant in a speedy trial. The reason for this finding is the

Court's determination that this case is a complex case:

    a. As described by the government, this is an international narcotics conspiracy to trade narcotics for cash and weapons that would be provided to a State Department-designated Foreign Terrorist Organization, involving witnesses from, and evidence developed in, four foreign countries. Furthermore, the case involves the extraterritorial application of United States law. Much of this investigation occurred outside the United States and was conducted by Special Agents of the DEA and their foreign counterparts in Honduras, Nicaragua, Panama, and Colombia.

    b. Many of the witnesses who will testify for the government at trial are citizens of these countries.

    c. Because the case involves the extraterritorial application of United States law and the prosecution of individuals allegedly conspiring to trade narcotics for cash and weapons to be provided to a Foreign Terrorist Organization, it may present novel questions of fact or law.

    d. Because it took a month and a half for audio recordings to be enhanced by the secret service.

    e. Because there are 600 pages of transcripts that had to be translated from Spanish, and that the CS is carefully reviewing to ensure accuracy of the conversations and the identity of speakers.

    Accordingly, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act.

    2. The Court **FINDS**, pursuant to 18 U.S.C. § 3161(h)(9), that the government has made official requests for evidence from the governments of Nicaragua and Panama. The

Government's request from the Panamanian authorities is still pending, thereby tolling the speedy trial clock from February 2008 until the present.

    3. In computing the time within which the trial must commence, the period of time from April 19, 2008, until August 18, 2008, shall be excluded pursuant to 18 U.S.C. § 3161(h)(8)(A), 18 U.S.C. § 3161(h)(8)(B)(ii), and 18 U.S.C. §3161(h)(9).

DATE: _____     _____
                                                                                      GLADYS KESSLER
                                                                                      JUDGE
                                                                                      UNITED STATES DISTRICT COURT